IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BERG CORPORATION,

 Plaintiff,

v.             CIVIL NO. JKB-19-00043

C. NORRIS MANUFACTURING, LLC,

 Defendant.

\* \* \* \* \* \* \* \* \* \* \* \*

C. NORRIS MANUFACTURING, LLC,

 Third-Party Plaintiff,

v.

POWERPURE, LLC, et al.,

 Third-Party Defendants.

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

This case arises out of a business transaction between the Berg Corporation ("Berg") and C. Norris Manufacturing, LLC ("C. Norris"). Berg, a Maryland demolition contractor, hired C. Norris, an Ohio manufacturer, to substantially modify a piece of heavy equipment called the Komatsu. Berg alleges that C. Norris committed negligence in modifying the Komatsu. (Compl., ECF No. 1-2.) C. Norris filed a counterclaim against Berg as well as a third-party complaint against several parties that assisted C. Norris in modifying the equipment: PowerPure, LLC ("PowerPure"), P.E. Alliance, LLC ("P.E. Alliance"), and Holmbury, Inc. and Holmbury Group

(collectively, "Holmbury"). (Counterclaim, ECF No. 12; Third-Party Compl., ECF No. 15.) Each of the third-party defendants performed all work relevant to the Komatsu project in Ohio. (Klusch Decl. ¶¶ 8–12, ECF No. 53-1; Mulder Decl. ¶ 10, ECF No. 63-1; Eppler Decl. ¶¶ 5–6, ECF No. 90-4.)

On November 12, 2019, the Court concluded that it lacked personal jurisdiction over the third-party defendants (Mem. Op., ECF No. 94), and C. Norris subsequently moved to transfer this entire action to the Northern District of Ohio (Mot. Transfer, ECF No. 98).[1] Berg opposes the motion. The matter is fully briefed, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2018). The Court will grant C. Norris's motion to transfer.

## I. *Legal Standard*

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404. In deciding whether to grant a motion to transfer, courts should consider the following: "(1) the weight accorded the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice." *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002).

The burden is on the moving party to show that transfer to another forum is proper. *Id.* The question of transfer is "a matter resting in the sound discretion of the District Judge." *S. Ry. Co. v. Madden*, 235 F.2d 198, 201 (4th Cir. 1956).

## II. *Analysis*

---

[1] C. Norris first indicated its wish to transfer this action in its oppositions to the third-party defendants' motions to dismiss. (Opp'n P.E. Alliance Mot. Dismiss at 3, ECF No. 69; Opp'n Holmbury Mot. Dismiss at 3–4, ECF No. 77; Opp'n PowerPure Mot. Dismiss at 3, ECF No. 92.) The Court instructed C. Norris to formalize its request by filing a motion so that Berg could weigh in on the question of transfer. (Mem. Op. at 9). The instant motion is the result of that instruction.

As an initial matter, Berg contends that C. Norris's motion to transfer must be denied because it is untimely. (Second Opp'n Mot. Transfer at 7–8, ECF No. 100.) This case has been pending in the District of Maryland for one year, Berg argues, and transferring it at this late stage would "considerabl[y] prejudice" Berg. (*Id.* at 8.)

Section 1404(a) does not provide a time limit within which to bring a motion to transfer, but courts agree that the motion should be brought with "reasonable promptness." 15 C. Wright & A. Miller, Federal Practice and Procedure § 3844 (4th ed.). C. Norris first raised the issue of transfer in the briefing on the third-party defendants' motions to dismiss; it officially filed its motion ten days after the Court ruled that it lacked personal jurisdiction over the third-party defendants. Although changing venue after one year is not ideal, the timing of C. Norris's motion was reasonable, as transfer only became relevant once the Court's ruling made real the possibility that C. Norris would have to resolve this dispute in two separate litigations. Therefore, the motion will not be denied as untimely.

Because the parties do not dispute that this case could have been brought in the Northern District of Ohio, the issue is whether convenience and the interests of justice warrant transfer there. *See* 28 U.S.C. § 1404. The Court evaluates the relevant factors in turn.

### A. The Plaintiff's Choice of Venue

Berg chose to file this suit in Maryland, so this factor weighs against transfer. This factor should be given "substantial weight," *Stronghold Sec. LLC v. Sectek, Inc.*, 582 F. Supp. 2d 726, 729 (D. Md. 2008), however, "it is not controlling," *Convergence Techs. (USA), LLC v. Microloops Corp.*, 711 F. Supp. 2d 626, 641 (E.D. Va. 2010).

### B. Witness Convenience and Access

3

Some witnesses will be inconvenienced no matter where this case is adjudicated. As Berg points out, its Maryland-based witnesses will be relevant to a number of questions, including the manner in which the Komatsu failed and the scope of the resulting damages. (First Opp'n Mot. Transfer at 4, ECF No. 96.) But Berg's negligence claim ultimately centers on the alleged 98,000 pounds of additional counterweight and the defective couplings. (Compl. ¶ 7.) The work related to the counterweight and couplings was all performed in Ohio by Ohio-based employees. (Mot. Transfer at 1 ¶ 2.) Therefore, more Ohio-based witnesses are likely to be relevant to resolving this dispute than Maryland-based witnesses, and this factor weighs in favor of transfer.

### C. Convenience of the Parties

In considering convenience of the parties, "the district judge is not limited to considering the convenience of the original parties, but should consider the convenience of those later joined as well." 15 C. Wright & A. Miller, Federal Practice and Procedure § 3849 (4th ed.); *see also In re Volkswagen AG*, 371 F.3d 201, 205 (5th Cir. 2004) (concluding it was error for the district court not to consider the convenience of the third-party defendants in denying a motion to transfer). Here, C. Norris and the three third-party defendants are all based in Ohio, while only Berg is based in Maryland. This factor weighs in favor of transfer.[2]

### D. Interest of Justice

In considering whether transfer is in the "interest of justice," courts consider all other "factors bearing on transfer that are unrelated to convenience," including the respective forum's familiarity with the relevant law and the interest in avoiding duplicative litigation. *Topiwala v. Wessell*, Civ. No. WDQ-11-0543, 2012 WL 122411, at *8 (D. Md. Jan. 12, 2012). The parties

---

[2]  Even if the Court's lack of personal jurisdiction over the third-party defendants prevented them from qualifying as "parties," the Court's conclusion that transfer is warranted would still stand. In such a situation, this factor would be neutral, and transfer would still be in the interest of justice, as explained in Part II.D.

4

agree that the law of negligence in Maryland and Ohio are "essentially identical." (First Opp'n Mot. Transfer at 6; Mot. Transfer Second Mem. Supp. at 4, ECF No. 99.) Therefore, regardless of whether Maryland or Ohio law governs this dispute, the applicable law does not meaningfully impact the transfer analysis.

An interest in avoiding duplicative litigation does, however, weigh strongly in favor of transfer. Transfer can be proper where, as here, it allows a defendant to "implead a third-party defendant who is not subject to personal jurisdiction in the original forum."[3] 15 C. Wright & A. Miller, Federal Practice & Procedure § 3854 (4th ed.); *see also United States v. Nat'l Bank of Commerce*, Civ. No. 04-00518, 2005 WL 1166691, at *2 (M.D.N.C. May 4, 2005) (transferring a case to allow the defendant to implead third-party defendants over whom the transferor court lacked personal jurisdiction). While the potential for duplicative litigations does not *require* transfer, *see, e.g., Stronghold Sec.*, 582 F. Supp. 2d at 731, transfer can be particularly appropriate where the two litigations are not just related, but involve "precisely the same issues." *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960). Here, both the complaint and the third-party complaint center on the 98,000 pounds of counterweight and the defective couplings (Compl. ¶ 7; Third-Party Compl. ¶¶ 20, 29, 39), and adjudicating these closely related disputes separately will result in the wasting of "time, energy, and money" that 1404(a) was "designed to prevent." *See Cont'l Grain*, 364 U.S. at 26.

---

[3] Berg contends that C. Norris's indemnity and contribution claims against the third-party defendants should not affect the transfer analysis because these claims are "unripe," in that they are only viable if Berg ultimately prevails in this lawsuit. (Second Opp'n Mot. Transfer at 7.) But courts regularly consider such "unripe" claims in a transfer analysis. *See, e.g., In re Volkswagen AG*, 371 F.3d at 204 (considering the existence of a defendant's claims for indemnity and contribution against third-party defendants in a transfer analysis).

5

In sum, factor one weighs strongly against transfer, factors two and three weigh in favor of transfer, and factor four weighs strongly in favor of transfer. The Court will grant C. Norris's motion to transfer.

### III.     Conclusion

For the foregoing reasons, an Order shall enter granting C. Norris's motion to transfer this entire action to the Northern District of Ohio.

DATED this _15_ day of January, 2020.

BY THE COURT:

_____
James K. Bredar
Chief Judge