UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE BERG CORPORATION, )<br>        Plaintiff/Counter-Defendant, )<br>)<br>vs. )<br>)<br>C. NORRIS MANUFACTURING, LLC, )<br>        Defendant/Counter-Claimant )<br>        and Third-Party Plaintiff, )<br>)<br>vs. )<br>)<br>HOLMBURY, INC., et al., )<br>        Third-Party Defendants. )<br>) | CASE NO. 5:20-cv-0100<br><br>JUDGE SARA LIOI<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

On January 15, 2020, the above-captioned case was transferred to this Court from the United States District Court for the District of Maryland after it had been pending there for just over a year, having been removed from a Maryland state court on January 4, 2019, on the basis of diversity jurisdiction. In addition to The Berg Corporation's ("Berg") underlying one-count complaint for negligence against C. Norris Manufacturing LLC ("Norris"), there is a two-count counterclaim of Norris against Berg for breach of contract and unjust enrichment, as well as Norris' third-party complaint setting forth claims of indemnification and contribution against several third-party defendants. At the time of transfer, there were three pending motions to dismiss filed by the third-party defendants, all three of which are fully briefed. But, before resolving those motions, the Court must resolve an initial question – subject matter jurisdiction.

"[F]ederal courts are courts of limited jurisdiction and have an independent duty to determine whether they have jurisdiction in cases before them and to 'police the boundaries of their own jurisdiction.'" *Davis v. Sessions*, No. 1:17CV1354, 2017 WL 4810620, at *2 (N.D. Ohio

Oct. 25, 2017) (quoting *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 549 (6th Cir. 2006)).

For purposes of diversity, "a limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Therefore, where, as here, "'diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each "sub-member" as well.'" *Novia Commc'ns, LLC v. Weatherby*, No. 19-3421, 2020 WL 289199, at *3 (6th Cir. Jan. 21, 2020) (quoting *Delay*, 585 F.3d at 1005); *see also Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) (a limited liability company "is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members.").

Berg's complaint states that it is "a Maryland corporation with a principal place of business located [in] . . . Baltimore, Maryland 21223." (Doc. No. 1-2, Complaint ["Compl."] ¶ 1.) It alleges that Norris is "an Ohio limited liability company with a principal place of business [in] . . . Canton, Ohio 44706." (*Id.* ¶ 2.) In its notice of removal, despite the LLC designation in its name, Norris asserted that it "is *incorporated in* and has its principal place of business in the State of Ohio." (Doc. No. 1 ¶ 4 (emphasis added).) In the transfer order, Berg was described as "a Maryland demolition contractor," and Norris as "an Ohio manufacturer[.]" (Doc. No. 101 at 444.[1])

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

As far as this Court can ascertain, no one has required the parties to establish the actual citizenship of Norris, seemingly being satisfied that it is an Ohio citizen. But parties cannot concede to subject matter jurisdiction, *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S. Ct. 1326, 89 L. Ed. 2d 501 (1986) ("every federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review,' even though the parties are prepared to concede it[]") (citation omitted), nor can they waive a defect, *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389, 118 S. Ct. 2047, 141 L. Ed. 2d 364 (1998) ("No party can waive the defect [concerning diversity] or consent to jurisdiction."); *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 357 (6th Cir. 2010) ("the [district] court should have insisted that V&M establish the citizenship of its partner LLCs, including any sub-members").

Diversity jurisdiction exists only when "no plaintiff and no defendant are citizens of the same state." *Curry v. United States Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006). "If even one member or sub-member of an LLC is non-diverse, 'then complete diversity, and with it federal jurisdiction, would be destroyed.'" *Aquasea Grp., LLC v. Singletary*, No. 4:13-CV-2286, 2013 WL 5781192, at *1 (N.D. Ohio Oct. 25, 2013 (quoting *Delay*, 585 F.3d at 1005)).

If complete diversity between the parties to the underlying complaint is lacking, even assuming that the transfer from Maryland to Ohio was otherwise proper under a transfer analysis, this Court nonetheless would lack subject matter jurisdiction, which would require dismissal of the entire action, including the third-party complaint that arose from the initial complaint.

Accordingly, on or before February 4, 2020, Norris will be required to submit an affidavit declaring its members and sub-members (if any) at the time this suit was filed in Maryland, *see Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968) ("'Citizenship' for purposes of the diversity statute is determined as of the date of commencement of the action."), citing *Smith v. Sperling*, 354 U.S. 91, 93 n.1, 77 S. Ct. 1112, 1 L. Ed. 2d 1205 (1957)) (further citation omitted), and further shall identify the domicile of each member and sub-member.

**IT IS SO ORDERED**.

Dated: January 24, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**