# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| THE BERG CORPORATION, <br>     Plaintiff/Counter-Defendant, <br><br> vs. <br><br> C. NORRIS MANUFACTURING, LLC, <br>     Defendant/Counter-Claimant <br>     and Third-Party Plaintiff, <br><br> vs. <br><br> HOLMBURY, INC., et al., <br>     Third-Party Defendants. | CASE NO. 5:20-cv-0100 <br><br> JUDGE SARA LIOI <br><br><br><br> **MEMORANDUM OPINION** <br> **AND ORDER** |

Before the Court are motions to dismiss the third-party complaint of defendant/third-party plaintiff C. Norris Manufacturing, LLC ("Norris"). The motions were filed by third-party defendant P.E. Alliance, LLC ("PEA") (Doc. No. 53); third-party defendants Holmbury, Inc. and Holmbury Group, Inc. (collectively, "Holmbury") (Doc. No. 63); and third-party defendant PowerPure, LLC ("PowerPure") (Doc. No. 90).[1] For the reasons set forth herein, all three motions are denied without prejudice as moot.[2]

---

[1] All three motions are fully briefed as follows: Norris' Opposition to Doc. No. 53 (Doc. No. 69) (the time for any reply has passed); Norris' Opposition to Doc. No. 63 (Doc. No. 77) and Holmbury's Reply (Doc. No. 86); Norris' Opposition to Doc. No. 90 (Doc. No. 92) and PowerPure's Reply (Doc. No. 93).

[2] After the transfer, PEA also filed a motion for partial judgment on the pleadings (Doc. No. 127), which has not yet been fully briefed. Resolution of that motion remains for another day.

## I.   BACKGROUND

On November 26, 2018, The Berg Corporation ("Berg"), a Maryland corporation, filed a complaint in the Circuit Court of Maryland alleging one count of negligence against Norris, an Ohio limited liability company. On January 4, 2019, Norris removed the action to the United States District Court for the District of Maryland on the basis of diversity jurisdiction. (*See* Doc. No. 1.) On January 15, 2020, that court ordered the case transferred to the Northern District of Ohio. (*See* Doc. No. 101.)[3]

The complaint alleges that Berg owned a hydraulic excavator (the "Komatsu"), which it had purchased in fully operational and functional condition from Midlantic Machinery, Inc. for $355,900.00. (Doc. No. 1-2, Complaint ["Compl."] ¶ 4.) Norris took possession of the Komatsu for the purpose of converting it to an ultra-high demolition boom, after representing to Berg that the conversion would require only 20,000 pounds of additional counterweight. (*Id.* ¶ 5.) Several months later, Norris completed the conversion, delivered the Komatsu in unassembled pieces to Berg in Maryland, and then reassembled it for Berg. (*Id.* ¶ 6.) Norris had, however, actually added at least 98,000 pounds of additional counterweight and had used couplings that immediately malfunctioned, causing contamination and damage to the Komatsu's hydraulic system, effectively ruining it. (*Id.* ¶ 7.) Berg alleges that Norris had a duty to safeguard the Komatsu, that Norris breached its duty, and that Berg incurred damages in excess of $1 million as a result. (*Id.* ¶ 8.)

---

[3] The parties had agreed that Norris is an Ohio LLC with its principal place of business in Ohio, and seemed to assume that, like a corporation, an LLC is a citizen of its states of organization and principal place of business. However, the general rule is that "a limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). The Court directed Norris to establish its citizenship. (*See* Doc. No. 107.) On February 12, 2020, Norris filed an affidavit identifying Christine A. Norris, an Ohio resident, as the sole owner and member of the limited liability company C. Norris Manufacturing LLC. As a result, the Court is now satisfied that there is diversity jurisdiction.

Norris timely filed an answer and counterclaim (Doc. No. 12), which Berg answered (Doc. No. 18).

Relevant to the instant motions is the third-party complaint filed by Norris against PowerPure, an Ohio limited liability company; Holmbury, an Ohio corporation; and PEA, an Ohio limited liability company. (Doc. No. 15, Third-Party Complaint ["TP Compl."].)[4] Norris alleges that, to perform its conversion of the Komatsu, it contracted with PowerPure to supply quick couplers, which PowerPure recommended, selected, and ordered for Norris, and which ultimately failed, allegedly causing damages. (TP Compl. ¶¶ 11–13.) Norris claims that, should it be found liable for the matters alleged in Berg's complaint, such liability would be the result of the breach of contract or the acts and/or omissions of the third-party defendants. (*Id.* ¶ 16.)

In its third-party complaint, Norris asserts claims of indemnification and contribution against each of the third-party defendants. Norris seeks to hold PowerPure liable for supplying the quick couplers that allegedly failed. (*Id.* ¶¶ 18–26.) Norris seeks to hold Holmbury liable for designing, engineering, manufacturing, constructing, testing, inspecting, packaging, labeling, marketing, distributing, selling, and/or warranting the quick couplers. (*Id.* ¶¶ 27–36.) Norris seeks to hold PEA liable for improperly engineering the Komatsu's boom, which caused the additional counterweight. (*Id.* ¶¶ 37–45.)

## II.  THE MOTIONS TO DISMISS

Each of the third-party defendants filed a motion to dismiss prior to the transfer of this case from Maryland, all of which remained pending upon transfer. Each motion argues a lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2); but those arguments are now moot, since the

---

[4] One third-party defendant, Alliance Design Group, LLC, was voluntarily dismissed prior to the transfer to this district. (*See* Doc. No. 73, Stipulation of Dismissal.)

case was transferred to Ohio, where there is personal jurisdiction over each of the third parties, by their own admissions.[5] (*See*, Doc. No. 53 at 171 (PEA); Doc. No. 63 at 227 (Holmbury, Inc.[6]); Doc. No. 90-3 at 331–32 (PowerPure).)

Holmbury and PowerPure also argue that the third-party complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. PEA raised an independent argument urging dismissal under the Maryland Certificate of Merit statute. (*See* Doc. No. 89 (citing CJ §§ 3-2C-01, *et seq.*); *see also* Doc. No. 91, Opposition.) PEA argues that Norris' alleged non-compliance with that statute is an absolute defense requiring dismissal of the third-party complaint. The parties' arguments as to these motions are all based on Maryland law, which, following the transfer, is inapplicable when considering common law claims of indemnification and contribution. This Court, sitting in Ohio, applies Ohio law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state."). Since none of the motions to dismiss base their arguments on Ohio law, all three motions to dismiss are denied without prejudice.

---

[5] Because there is diversity jurisdiction over the original complaint, the Court need not be separately concerned with subject matter jurisdiction over the third-party claims. *Grimes v. Mazda N. Am. Operations*, 355 F.3d 566, 572 (6th Cir. 2004) ("'A court has ancillary jurisdiction of a defendant's proper Rule 14(a) claim against a third-party defendant without regard to whether there is an independent basis of jurisdiction, so long as the court has jurisdiction of the main claim between the original parties.'") (quoting *King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1161 (10th Cir. 1990)). As already noted, the Court is now satisfied that there is diversity between the original parties.

[6] Holmbury Group is not a legal entity capable of being sued, but is a trade name used to collectively refer to Holmbury Inc. and Holmbury Ltd. (Doc. No. 63 at 227 (citing Doc. No. 63-1, Declaration of Matt Mulder ["Mulder Decl."] ¶ 4).)

### III. CONCLUSION

For the reasons set forth, the three pending motions to dismiss (Doc. No. 53 [PEA], Doc. No. 63 [Holmbury], and Doc. No. 90 [PowerPure]) are all denied without prejudice.

The third-party defendants are granted fourteen (14) days from the date of this order to move or otherwise plead under Ohio law with respect to the third-party complaint.

**IT IS SO ORDERED**.

Dated: February 24, 2020

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**