## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| BERG CORPORATION,<br>      Plaintiff/Counter-Defendant, | CASE NO. 5:20-cv-0100 |
| vs. | JUDGE SARA LIOI |
| C. NORRIS MANUFACTURING, LLC,<br>      Defendant/Counter-Claimant<br>      and Third-Party Plaintiff, | |
| vs. | **MEMORANDUM OPINION<br>AND ORDER** |
| HOLMBURY, INC., et al.,<br>      Third-Party Defendants. | |

Before the Court are motions to dismiss the third-party complaint of defendant/third-party plaintiff C. Norris Manufacturing, LLC ("Norris"). The motions were filed by third-party defendants Holmbury, Inc. and Holmbury Group, Inc. (collectively, "Holmbury") (Doc. No. 130) and third-party defendant PowerPure, LLC ("PowerPure") (Doc. No. 131).[1] For the reasons set forth herein, the third-party complaint is dismissed without prejudice.

## I. BACKGROUND

The complaint[2] alleges that Berg owned a hydraulic excavator (the "Komatsu"), which it had purchased in fully operational and functional condition from Midlantic Machinery, Inc. for $355,900.00. (Doc. No. 1-2, Complaint ["Compl."] ¶ 4.) Norris took possession of the Komatsu

---

[1] Both motions are fully briefed as follows: Norris' Opposition to Doc. No. 130 (Doc. No. 135), Holmbury's Reply (Doc. No. 136), and Holmsbury's Surreply (Doc. No. 137), filed with leave of Court; Norris' Opposition to Doc. No. 131 (Doc. No. 133) and PowerPure's Reply (Doc. No. 138). All of these briefs have been considered by the Court.

[2] The complaint was originally filed on November 26, 2018 in the Circuit Court of Maryland and was removed on January 4, 2019 to the United States District Court for the District of Maryland. That court ordered the case transferred to the Northern District of Ohio on January 15, 2020. (*See* Doc. No. 101.)

for the purpose of converting it to an ultra-high demolition boom, after representing to Berg that the conversion would require only 20,000 pounds of additional counterweight. (*Id.* ¶ 5.) Several months later, Norris completed the conversion, delivered the Komatsu in unassembled pieces to Berg in Maryland, and then reassembled it for Berg. (*Id.* ¶ 6.) According to the complaint, Norris had, however, actually added at least 98,000 pounds of additional counterweight and had used couplings that immediately malfunctioned, causing contamination and damage to the Komatsu's hydraulic system, effectively ruining it. (*Id.* ¶ 7.) Berg alleges that Norris had a duty to safeguard the Komatsu, that Norris breached its duty, and that Berg incurred damages in excess of $1 million as a result. (*Id.* ¶¶ 8–9.) Norris timely filed an answer and counterclaim (Doc. No. 12), which Berg answered (Doc. No. 18).

Norris also filed the third-party complaint addressed by the instant motions. (Doc. No. 15, Third-Party Complaint ["TP Compl."].)[3] Norris alleges that, to perform its conversion of the Komatsu, it contracted with PowerPure to supply quick couplers, which PowerPure recommended, selected, and ordered for Norris from Holmbury. These couplers ultimately failed, allegedly causing damages. (TP Compl. ¶¶ 11–13.)

Norris claims that, should it be found liable for the matters alleged in Berg's complaint, such liability would be the result of the breach of contract or the acts and/or omissions of the third-party defendants. (*Id*. ¶ 16.) Norris asserts claims of indemnification and contribution against each of the third-party defendants, seeking to hold PowerPure liable for supplying the quick couplers that allegedly failed (*id*. ¶¶ 18–26) and Holmbury liable for designing, engineering, manufacturing,

---

[3] One third-party defendant—Alliance Design Group, LLC—was voluntarily dismissed prior to the transfer to this district. (*See* Doc. No. 73.) Another third-party defendant—P.E. Alliance, LLC—was voluntarily dismissed on May 4, 2020. (*See* Doc. No. 141.)

constructing, testing, inspecting, packaging, labeling, marketing, distributing, selling, and/or warranting the quick couplers (*id.* ¶¶ 27–36).

## II. DISCUSSION

### A. Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 555, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts") (internal citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678–79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "The court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

3

**B.     Analysis**

"Under O.R.C. § 2307.26, if, as in this case, no judgment has been entered, contribution among alleged tortfeasors is barred unless the party seeking contribution has either: 1) settled with the injured party; or 2) agreed during the pendency of the action to discharge the common liability." *Wheeler v. Estes Express Lines*, No. 3:13CV1174, 2014 WL 11430937, at *1 (N.D. Ohio July 22, 2014). Under this Ohio statute, Norris could not maintain its claims for contribution in an Ohio court. Since "[l]eave to implead a third-party defendant, under Rule 14(a), is within the discretion of the court[,]" *Gen. Elec. Co. v. Irvin*, 274 F.2d 175, 178 (6th Cir. 1960), there appears to be no reason, and Norris has cited none, to ignore this statute and the bar it imposes. The claims for contribution against each of the third-party defendants are—at best—premature.

Norris' indemnification claims also fail under Ohio law. "Indemnification is not allowed when the two parties are joint or concurrent tortfeasors and are both chargeable with actual negligence." *Reynolds v. Physician's Ins. Co. of Ohio*, 623 N.E.2d 30, 32 (Ohio 1993) (citation omitted). As in *Wheeler*, Berg has not sued either of the third-party defendants. Instead, Norris, who was sued for negligence by Berg, "seeks to avoid or reduce its own liability to [Berg] by alleging [the third-party defendants] [were] wholly or partly responsible for the [damage to the Komatsu]." *Wheeler*, 2014 WL 11430937, at *1. In its third-party complaint, Norris alleges that, should it be found liable on Berg's complaint for negligence, it should be "entitl[ed] . . . to recover damages from [each third-party defendant] equal to the amount Norris is held liable because of [the third-party defendants'] negligence and/or breach of their contractual and common law obligations." (TP Compl. ¶¶ 21, 31, 44.) To the extent the indemnification claims in the third-party complaint are based in alleged negligence on the part of the third-party defendants, under *Reynolds*, *supra*, Norris cannot recover anything in indemnification from these alleged joint tortfeasors.

4

Finally, one might also very broadly construe the third-party complaint as claiming a right to indemnification from the third-party defendants based in breach of contract. "[I]n certain well-defined situations a general right of indemnification may exist from one tortfeasor to another. The most obvious situation permitting such relief is where an actual contract of indemnification exists between two tortfeasors." *Cochran v. B.&O. R.R.*, 324 N.E.2d 759, 761 (Ohio Ct. App. 1974). The third-party complaint makes passing mention of contracts between Norris and the third-party defendants, but it does not actually allege "contract[s] of indemnification." *See id.* Therefore, to the extent one might view the third-party complaint as basing the indemnification claims in breach of contract, the Court declines, in its discretion, to exercise supplemental jurisdiction over any such claims and dismisses them without prejudice.[4]

### III. CONCLUSION

For the reasons set forth herein, the motions to dismiss the third-party complaint (Doc. No. 130 and Doc. No. 131) are granted and all claims for contribution and/or indemnification brought against the third-party defendants are hereby dismissed without prejudice.

**IT IS SO ORDERED**.

Dated: June 18, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[4] Both third-party defendants have raised additional arguments but, since these claims are being dismissed as premature, viability on the merits of any such claims will be left for another day and/or another Court.