# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| THE BERG CORPORATION,          )<br>            Plaintiff/Counter-Defendant,   )<br>                                                     )<br>vs.                                                  )<br>                                                     )<br>C. NORRIS MANUFACTURING, LLC,  )<br>            Defendant/Counter-Claimant   )<br>            and Third-Party Plaintiff,        )<br>                                                     )<br>vs.                                                  )<br>                                                     )<br>HOLMBURY, INC., et al.,                 )<br>            Third-Party Defendants.       )<br>                                                     ) | CASE NO. 5:20-cv-100<br><br>JUDGE SARA LIOI<br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Before the Court is the motion of defendant/third-party plaintiff C. Norris Manufacturing, LLC ("Norris") to reconsider the dismissal of its third-party complaint against third-party defendants Holmbury, Inc. and Holmbury Group, Inc. (collectively, "Holmbury") and third-party defendant PowerPure, LLC ("PowerPure"). (Doc. No. 151 ["Mot."].)[1] In the alternative, Norris asks this Court to certify the question of law to the Ohio Supreme Court. For the reasons set forth herein, the motion to reconsider is granted and, upon reconsideration, the Court declines any modification to the original ruling. Further, the Court declines certification of any question to the Ohio Supreme Court.

---

[1] Third-party defendants affected by this motion have filed briefs in opposition. (*See* Doc. No. 152 ["Holmbury Opp'n"]; Doc. No. 153 ["PowerPure Opp'n"].) Norris filed no reply brief.

I. **BACKGROUND**

The complaint in this case was originally filed by plaintiff, The Berg Corporation ("Berg"), against Norris on November 26, 2018 in the Circuit Court of Maryland. It was removed on January 4, 2019 to the United States District Court for the District of Maryland. That court ordered the case transferred to the Northern District of Ohio on January 15, 2020. (*See* Doc. No. 101.)[2] In the previous order dismissing the third-party complaint, this Court set forth the following background, which remains relevant:

> The complaint alleges that Berg owned a hydraulic excavator (the "Komatsu"), which it had purchased in fully operational and functional condition from Midlantic Machinery, Inc. for $355,900.00. (Doc. No. 1-2, Complaint ["Compl."] ¶ 4.) Norris took possession of the Komatsu for the purpose of converting it to an ultra-high demolition boom, after representing to Berg that the conversion would require only 20,000 pounds of additional counterweight. (*Id.* ¶ 5.) Several months later, Norris completed the conversion, delivered the Komatsu in unassembled pieces to Berg in Maryland, and then reassembled it for Berg. (*Id.* ¶ 6.) According to the complaint, Norris had, however, actually added at least 98,000 pounds of additional counterweight and had used couplings that immediately malfunctioned, causing contamination and damage to the Komatsu's hydraulic system, effectively ruining it. (*Id.* ¶ 7.) Berg alleges that Norris had a duty to safeguard the Komatsu, that Norris breached its duty, and that Berg incurred damages in excess of $1 million as a result. (*Id.* ¶¶ 8–9.) Norris timely filed an answer and counterclaim (Doc. No. 12), which Berg answered (Doc. No. 18).

(Doc. No. 146, Memorandum Opinion and Order ["MOO"], at 698–99.[3]) Norris' counterclaim was for breach of contract and unjust enrichment, based on Berg's failure to pay for the services Norris had performed.

---

[2] In joint status reports filed on August 10, 2020 (Doc. No. 156) and September 24, 2020 (Doc. No. 161), the parties indicate that a separate, and allegedly related, lawsuit has since been filed against Norris by Crushing Corporation of America in the Circuit Court for Baltimore City, Maryland, which Norris has removed to the District of Maryland. Norris has also moved the District of Maryland to transfer the Crushing case to this court; that motion will not be fully briefed until October 6, 2020. Berg has also indicated that, should the instant reconsideration motion be denied, it will move this Court to transfer the case back to the District of Maryland.

[3] All page number references are to the page identification number generated by the Court's electronic docketing system.

In a third-party complaint,[4] Norris alleged that, to perform its conversion of the Komatsu, it contracted with PowerPure to supply quick couplers. PowerPure recommended, selected, and ordered those couplers from Holmbury. The couplers ultimately failed. (Doc. No. 15, Third-Party Complaint ["TP Compl."] ¶¶ 11–13.) Norris asserted claims of indemnification and contribution against each of the third-party defendants, claiming that, if it were to be held liable on Berg's claims, each of them would be liable to Norris for their individual failures. (*Id.* ¶¶ 21, 31.)

On June 18, 2020, on motions, this Court dismissed the third-party complaint without prejudice. (MOO at 702.) Norris has moved for reconsideration of this dismissal or, in the alternative, "to certify the question of law to the Ohio Supreme Court." (Mot. at 746.)

On July 23, 2020, without seeking leave,[5] Berg filed its first amended complaint adding a cause of action for breach of contract. (*See* Doc. No. 154 ["FAC"].) Norris filed its answer and counterclaim, along with re-alleged third-party claims against PowerPure and Holmbury for indemnification or, in the alternative, contribution. (*See* Doc. No. 155 ["Am. TP Compl."].)

The original (now-dismissed) third-party complaint was filed separately from the original answer/counterclaim and set forth the indemnification and contribution claims against each third-party defendant separately—Counts I and II (indemnification and contribution, respectively, against PowerPure) and Counts III and IV (indemnification and contribution, respectively, against Holmbury—based on "facts common to all counts," including that "should Norris be found liable

---

[4] Two other third-party defendants were previously voluntarily dismissed. (*See* Doc. No. 73, dismissing Alliance Design Group, LLC; Doc. No. 141, dismissing P.E. Alliance, LLC.)

[5] The Case Management Plan and Trial Order set the deadline for amending pleadings and clearly indicated that, despite the deadline, leave must first be sought. (*See* Doc. No. 150 at 732 ¶ 1.) Since no other party has challenged the amended complaint on that basis, the Court, in its discretion, will overlook Berg's disregard of a Court order, but with the caveat that the Court will not be so indulgent in the future, especially since Berg's improper filing triggered additional filings and new motions by other parties.

for the matters alleged in [Berg's] [c]omplaint, Norris' liability would be solely a result of the breach of contract or the acts and/or omissions of [PowerPure and Holmbury]." (TP Compl. ¶ 15.) The re-pleaded third-party complaint recently filed as part of the answer/counterclaim responding to Berg's first amended complaint is more streamlined, seeking, in single paragraphs, either indemnification (Am. TP Compl. ¶ 18) or, in the alternative, contribution (*id.* ¶ 19), from both PowerPure and Holmbury. Whereas the original third-party complaint sounded in contract (*see, e.g.*, TP Compl. ¶¶ 11, 16), the amended third-party complaint appears grounded in Ohio's products liability statute (Am. TP Compl. ¶¶ 13, 16), and asserts that the third-party defendants' actions with respect to the couplers supplied to Norris "constitute negligence, breach of contract, and a breach of warranties." (*Id.* ¶ 17.)

II. DISCUSSION

    A. **Motion for Reconsideration**

        1. **Legal Standard**

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it serves a legitimate and valuable role in certain situations. *Nat'l Union Fire Ins. Co. v. Cont'l Ill. Corp.*, 116 F.R.D. 252, 253 (N.D. Ill. 1987) (citing *Above The Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99 (E.D. Va. 1983)). Such a motion is typically treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 382 (6th Cir. 1991) (citing *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979)).

The purpose of a motion to alter or amend judgment is to request reconsideration of matters "properly encompassed in a decision on the merits." *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174, 109 S. Ct. 987, 103 L. Ed. 2d 146 (1989). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal

theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August, 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1408 (S.D. Ind. 1994)). In other words, Rule 59(e) is not designed to give an unhappy litigant an opportunity to relitigate matters already decided. *See Dana Corp. v. United States*, 764 F. Supp. 482, 488–89 (N.D. Ohio 1991) (citation omitted).

"'In this circuit, a district court may alter a judgment under Rule 59 based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Bunn v. Navistar, Inc.*, 797 F. App'x 247, 256 (6th Cir. 2020) (quoting *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551–52 (6th Cir. 2012)) (further citation omitted). When deciding whether to grant a Rule 59(e) motion, a district court must consider the "interest of protecting the finality of judgments and the expeditious termination of litigation." *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615–16 (6th Cir. 2010) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). Moreover, the motion for reconsideration must demonstrate to the court why it should reconsider its decision and set forth strongly convincing facts or law that would induce it to reverse its prior decision. *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988).

### 2. Analysis

As a threshold matter, the Court notes (as have both PowerPure and Holmbury in their opposition briefs, to which no reply was filed) that Norris' entire motion is directed only to its claims of contribution. Therefore, Norris has not sought reconsideration with respect to the

dismissal of the indemnity claims. Those claims remain dismissed without prejudice and Norris is free to pursue them at an appropriate time in an appropriate forum.

In its motion for reconsideration of the dismissal without prejudice of its contribution claims, Norris argues that this Court's June 18, 2020 order "is inconsistent with and an incorrect interpretation of O.R.C. § 2307.26 when read in conjunction and consistent with O.R.C. § 2307.25 and the Federal Rules of Civil Procedure." (Mot. at 748.)

In the June 18, 2020 ruling, this Court held:

> "Under O.R.C. § 2307.26, if, as in this case, no judgment has been entered, contribution among alleged tortfeasors is barred unless the party seeking contribution has either: 1) settled with the injured party; or 2) agreed during the pendency of the action to discharge the common liability." *Wheeler v. Estes Express Lines*, No. 3:13CV1174, 2014 WL 11430937, at *1 (N.D. Ohio July 22, 2014). Under this Ohio statute, Norris could not maintain its claims for contribution in an Ohio court.

(Doc. No. 146, Memorandum Opinion and Order ["MOO"] at 701.)

Norris argues that this is inconsistent with Ohio Rev. Code § 2307.25, which provides, in relevant part, that "if one or more persons are jointly and severally liable in tort for the same injury or loss to person or property …, there may be a right of contribution even though judgment has not been recovered against all or any of them." (Mot. at 748.) Norris further argues that Ohio Rev. Code § 2307.26 provides that it has the **right of contribution** alleged in its third-party complaint:

> If a judgment that imposes joint and several liability has been entered in an action against one or more tortfeasors for the same injury or loss to person or property or for the same wrongful death, **contribution may be enforced** in that action by judgment in favor of one against other judgment debtors, by motion, upon notice to all parties to the action. If there is a judgment for the injury or loss to person or property or the wrongful death against the tortfeasor seeking contribution, that tortfeasor shall commence any separate action **to enforce contribution** within one year after the judgment has become final by lapse of time for appeal or after appellate review.

(*Id.*, bolding in motion.) Finally, Norris argues that Section 2307.26 provides as follows regarding **when it may enforce** its right of contribution against a joint tortfeasor:

> If there is no judgment for the injury or loss to person or property or the wrongful death against the tortfeasor seeking contribution, that tortfeasor's right of contribution is barred unless either of the following applies:
>
> (A) That tortfeasor has discharged by payment the common liability within the statute of limitations period applicable to the claimant's right of action against that tortfeasor and has commenced that tortfeasor's action for contribution within one year after the payment.
>
> (B) That tortfeasor has agreed while an action is pending against that tortfeasor to discharge the common liability and has paid within one year after the agreement the common liability and commenced that tortfeasor's action for contribution.

(Mot. at 749.)

In Norris' view, although these statutory sections provide for the right and the timing of a claim for contribution, they do not supply "the pleading requirements," and, for those, one must turn to the federal rules of civil procedure. Fed. R. Civ. P. 14(a) provides, in relevant part, that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." (*Id.*) And Fed. R. Civ. P. 19(a)(1) provides, in relevant part, that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties[.]" (*Id*. at 749–50.)

Norris reads these statutes and rules together as providing that "a defendant tortfeasor may commence a third[-]party complaint to join a third[-]party defendant tortfeasor that may be liable for all or a part of the underlying plaintiff's losses and damages[.]" (*Id*. at 750.) Norris concedes, however, that "the defendant/third[-]party plaintiff's right of contribution may not **be enforced**

until after the defendant/third[-]party plaintiff has: (1) has discharged by payment the common liability; or (2) has agreed while an action is pending against that tortfeasor to discharge the common liability and has paid within one year after the agreement the common liability." (*Id.*, emphasis in motion.) Norris asserts that, under these statutes and rules, courts "routinely permit defendant/third[-]party plaintiffs to seek possible contribution against a defendant third[-]party." (*Id.* at 750–51 (citing cases).)

Norris claims that "judicial economy requires the avoidance of [the] multiplicity of litigation." (*Id.* at 751.) It argues that, if it cannot proceed with its third-party complaint, "[i]n [a] first trial, the jury would need to decide whether Norris is liable to Berg for using defective component parts in the modification and conversion of Berg's excavator[,] [and] [i]f the jury finds in favor of Berg, then a separate second trial would be required to determine if Holmbury and PowerPure owe contribution (as joint tortfeasors) … for Berg's damages." (*Id.* (omitting Norris' reference to indemnification).) Norris claims there may be "contradicting jury verdicts" or "collateral estoppel or claims preclusion[.]" (*Id.*)[6]

In opposition, Holmbury argues that this Court's ruling that the third-party claims are not ripe is not only correct, but also entirely consistent with Ohio Rev. Code § 2307.25(A), which

---

[6] As even Norris acknowledges, any argument regarding judicial economy belongs more properly to the third parties. (Mot. at 751 ("Holmbury and PowerPure may be barred by collateral estoppel or claims preclusion from relitigating the factual issue of whether the component parts used by Norris in the modification and conversion of Berg's excavator were defective and the cause of Berg's damages.").) Nonetheless, the third-party defendants made no such argument and, instead, moved to dismiss the third-party complaint. And even though the Court dismissed it *without* prejudice, they have not moved for reconsideration. But none of that is Norris' problem; if the third-party defendants are "stuck" with legal rulings made in this proceeding, that is the chance they took by moving to dismiss. On the other hand, if Norris is found to be *not* liable to Berg, then it would have no claims for contribution (or indemnity) anyway, and it would not be efficient to force PowerPure and/or Holmbury to participate in this lawsuit (and to complicate the discovery) on the chance that Norris is found liable for using defective parts (especially since there is also the independent allegation that Norris added too much weight—which, by itself, could have caused otherwise non-defective couplers to fail). As it is, Norris remains free to pursue its claims against the third parties in a separate suit, should that prove warranted. Although Norris asserts that the third-party claims are compulsory, it offers no explanation for that position.

provides a statutory right of contribution only for a tortfeasor ***who has paid*** more than that tortfeasor's proportionate share of the common liability. (Holmbury Opp'n at 757–58 (emphasis in original) (citing *Wagner-Meinert, Inc. v. EDA Controls Corp.*, 444 F. Supp. 2d 800, 803 (N.D. Ohio 2006), *aff'd*, No. 06-3777, 2007 WL 579668 (6th Cir. Feb. 23, 2007); *McPherson v. Cleveland Punch & Shear Co.*, 816 F.2d 249, 250–51 (6th Cir. 1987)).[7]) Where, as here, the third-party plaintiff has not alleged that it has paid any amount, much less more than its proportionate share, its contribution claim, if any, is not ripe. (*Id.* (citing *Hoffman v. Fraser*, No. 2010-G-2975, 2011 WL 1782099, at *8–9 (Ohio Ct. App. May 6, 2011); *Frank v. D'Ambrosi*, 4 F.3d 1378, 1387 (6th Cir. 1993)).)

PowerPure asserts the same argument in opposition, claiming that Norris "has ignored the plain language of the statutes[.]" (PowerPure Opp'n at 764.) PowerPure argues that, since Norris has yet to pay any amount in damages, its "claim for contribution is premature as correctly decided by this Court." (*Id.* at 765.) PowerPure also argues that § 2307.26 requires that a separate action for contribution be commenced after a judgment has been entered, and that, rather than promote efficiency, as Norris argues, allowing Norris to proceed prematurely with the third-party claim for contribution would "muddy the waters and confuse the jury." (*Id*. at 766–67.)[8]

Although Norris string-cites several cases for the proposition that courts "routinely permit" plaintiffs to proceed with contribution claims,[9] the only basis for citing the cases appears to be that

---

[7] Holmbury also correctly points out that Norris' motion to reconsider does not challenge this Court's dismissal of the indemnity claims (Holmbury Opp'n at 755 n.1), all arguments being directed solely to the contribution claims.

[8] PowerPure also argues that Norris is not entitled to pursue any claim for indemnity. (PowerPure Opp'n at 767.) However, as already noted, the indemnity claims are not before the Court on reconsideration (nor on their merits, having been dismissed without prejudice).

[9] Two of the cases cited by Norris are inapplicable as they pre-date the statutes it relies upon in its motion. *See Queen City Terminals, Inc. v. Gen. Am. Transp. Corp.*, 653 N.E.2d 661 (Ohio 1995); *N. Columbiana Cty. Cmty. Hosp. Ass'n v. Dep't of Youth Servs.*, 526 N.E.2d 802 (Ohio 1988).

they all mention the inclusion of a third-party complaint within the proceedings. Norris made no attempt to analyze the nature of any of the claims in any of the cases it cited or to compare the facts and proceedings in the cited cases to the instant case. There is no doubt that cases are known to proceed with the addition of third-party claims. The question here is whether *this* should be one of those cases.

Norris' analysis of the statutory provisions and civil rules is simply incorrect. Assuming either third-party defendant actually *is* a joint tortfeasor with Norris, the statutes do not provide that Norris can proceed *now* with any claim for contribution. In fact, the statutes provide otherwise.

Norris tries to argue that this Court's reliance on § 2307.26 is inconsistent with § 2307.25; but, as explained by another court, reliance upon the latter statute "place[s] the cart before the horse." *King v. City of Columbus*, No. 2:18-cv-1060, 2019 WL 6352611, at *2 (S.D. Ohio Nov. 27, 2019). "Since there is no judgment against [Norris] and the exceptions to section 2307.26 do not apply, [its] contribution claims are premature." *Id.* The court in *King* further explained:

> The Court notes that, at first glance, sections 2307.25 and 2307.26 seem to be at odds. Under section 2307.25, even without a judgment against any or all of the tortfeasors who are jointly and severally liable, there may be a right of contribution. Yet under section 2307.26, in apparently the same situation (where no judgment exists), the tortfeasor seeking contribution is barred, unless an exception applies. Those exceptions explain the friction. When a contribution-seeking tortfeasor who is not subject to any judgment settles with the injured party, the right of contribution is no longer barred. If that happens, then section 2307.25 applies. At that point, the tortfeasor seeking contribution may have that right "even though judgment has not been recovered against all or any of them." Ohio Rev. Code § 2307.25(A).
>
> The relevant case law supports this procedure's construction. *See McPherson v. Cleveland Punch & Shear Co.*, 816 F.2d 249, 250–51 (6th Cir. 1987) ("Thus, a cause of action for contribution does not accrue until the joint tortfeasor has paid more than his proportionate share of liability.") (citing *Nat'l Mut. Ins. Co. v. Whitmer*, 70 Ohio St. 2d 149, 151 (1982)); *see also Whitmer*, 70 Ohio St. 2d at 151 ("liability for contribution is distinct from the liability for the jointly committed tort.... Liability for contribution arises only in favor of a joint tortfeasor and then

10

only when that tortfeasor has paid more than his proportionate share of the common liability.")

*Id*. at *2–3.

Having reconsidered its earlier decision to dismiss the contribution claims without prejudice, the Court finds no reason to change the decision and hereby reiterates and adheres to it.

### B. Motion to Certify Question

#### 1. Legal Standard

Under Ohio S.Ct.Prac.R. 9.01, a federal court has discretion to certify a question of law to the Ohio Supreme Court when: (1) it is "a question of Ohio law;" (2) an answer to the question "may be determinative of the proceeding;" and (3) "there is no controlling precedent in the decisions of [the Ohio] Supreme Court." Ohio S.Ct.Prac.R. 9.01(A). "[B]ut the 'federal courts generally will not trouble our sister state courts every time an arguably unsettled question of state law comes across our desks.'" *City of Columbus v. Hotels.Com, L.P.*, 693 F.3d 642, 654 (6th Cir. 2012) (quoting *Pennington v. State Farm Mut. Auto Ins. Co.*, 553 F.3d 447, 449–50 (6th Cir. 2009)).

#### 2. Analysis

Although Norris asks this Court "to certify *the question of law* to the Ohio Supreme Court[,]" (Mot. at 746), it does not define what that question might be nor propose an order that this Court could enter to accomplish certification in compliance with Ohio S.Ct.Prac.R. 9.01(B). Given that Norris' right, if any, to proceed against either PowerPure or Holmbury, or both, is not foreclosed by the dismissal of its third-party claims (even if made slightly more inconvenient), as in *City of Columbus v. Hotels.Com, L.P.*, *supra*, this Court will not trouble the Ohio Supreme Court with a question that only minimally affects the outcome of the instant case.

### III. CONCLUSION

For the reasons set forth herein, the motion for reconsideration filed by C. Norris Manufacturing, LLC (Doc. No. 151) is granted, but, upon reconsideration, the Court sees no reason to change its original decision to dismiss the third-party complaint without prejudice. Accordingly, the re-filed amended third-party complaint (Doc. No. 155) is also dismissed without prejudice. Further, the motion to certify a question to the Ohio Supreme Court is denied.

**IT IS SO ORDERED**.

Dated: October 14, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**