# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| THE BERG CORPORATION, | Case No. 5:20-cv-100 |
|     Plaintiff and Counterclaim Defendant, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Kathleen B. Burke |
| C. NORRIS MANUFACTURING, LLC, | |
|     Defendant and Counterclaim Plaintiff. | |
| CRUSHING CORPORATION OF AMERICA, | Case No. 5:20-cv-2297 |
|     Plaintiff and Counterclaim Defendant, | Judge J. Philip Calabrese |
| v. | Magistrate Judge David A. Ruiz |
| C. NORRIS MANUFACTURING, LLC, | |
|     Defendant and Counterclaim Plaintiff. | |

## OPINION AND ORDER

Plaintiffs The Berg Corporation and Crushing Corporation of America move to dismiss several third-party defendants—Powerpure, LLC, Holmbury, Inc., and Holmbury Group—under Rule 12(b)(5) (*Berg* ECF No. 183; *Crushing* ECF No. 31), as well as Plaintiffs' joint motion to transfer this consolidated action back to the United States District Court for the District of Maryland, where both actions originated (*Berg*

1

ECF No. 179; *Crushing* ECF No. 27). For the reasons that follow, the Court **DENIES AS MOOT** Plaintiffs' motion to dismiss under Rule 12(b)(5) and **DENIES** Plaintiffs' motion to transfer.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 18, 2020, the Court dismissed several third-party defendants from the *Berg* case. (*Berg* ECF No. 146.) According to that ruling, Berg owned a hydraulic excavator that it purchased in working order for $355,900. (*Id.*, PageID #698.) Defendant C. Norris Manufacturing was to convert the excavator to an "ultra-high demolition boom" and purportedly represented to Berg that it could do so by adding "20,000 pounds of additional counterweight." (*Id.*, PageID #699.) Norris Manufacturing allegedly completed this modification and delivered the excavator to Berg in Maryland unassembled, but assembled it there. (*Id.*) Berg and Crushing are related companies—Berg does the demolishing, Crushing owns the equipment Berg uses, including, allegedly, the excavator. (*Berg* ECF No. 182, PageID #1062.) Berg maintains, however, that Norris Manufacturing actually added 98,000 pounds of counterweight which caused couplings on the excavator to "immediately malfunction[]" damaging the machine's hydraulic system, and "effectively ruining it." (*Berg* ECF No. 146, PageID #699.)

Berg sued first, alleging Norris Manufacturing breached its duty to safeguard the excavator and that it incurred over $1 million in damages as a result. (*Id.*) Crushing then sued Norris Manufacturing too. (*Crushing* ECF No. 1-1.) Both the *Berg* and *Crushing* actions commenced in Maryland state court, Norris Manufacturing removed each, and that federal court transferred them here. (*Berg*

2

ECF No. 98; *Crushing* ECF No. 19.) In doing so, the District of Maryland hoped to avoid duplicative litigation, in particular because Norris Manufacturing's third-party complaint involved the same facts and circumstances as the underlying actions, which "weigh[ed] strongly in favor of transfer" to Ohio. (*Berg* ECF No. 101, PageID #448–49.) After transfer, the Court consolidated the two cases. (*Berg* ECF No. 182; *Crushing* ECF No. 30.)

### A. The *Berg* Action (Case No. 5:20-cv-100)

When Norris Manufacturing removed this case to federal court, it also moved to dismiss for lack of personal jurisdiction, which the court denied. (*Berg* ECF No. 11.) Norris Manufacturing then answered and counterclaimed (*Berg* ECF No. 12), and filed a third-party complaint against Holmbury, PowerPure, Alliance Design Group, LLC, and P.E. Alliance, LLC. (*Berg* ECF No. 15.) After a flurry of motion practice in Maryland, Norris Manufacturing moved to transfer the case to this District. (*Berg* ECF No. 98.) That request was ultimately granted, resulting in transfer of both the *Berg* action and Norris Manufacturing's third-party claims. (*Berg* ECF No. 102.)

### B. The *Crushing* Action (Case No. 5:20-cv-2297)

After Norris Manufacturing removed this case to federal court in Maryland, it asserted the same claims against the same third-party defendants as it did in the *Berg* action. (*Crushing* ECF No. 10.) Unlike *Berg*, however, *Crushing* did not involve extensive motion practice regarding the third-party complaint, either before or after transfer.

### C. Dismissal of the Third-Party Defendants

After transfer but before reassignment, the Court dismissed Norris Manufacturing's third-party complaint in the *Berg* action. (*Berg* ECF No. 146.) The Court determined that "because no judgment had been entered, contribution among alleged tortfeasors" was barred under State law and Norris Manufacturing "could not maintain its claims for contribution in an Ohio court." (*Id.* at PageID #701.) She determined the claims for contribution were "at best—premature." (*Id.*) She also dismissed its indemnification claims because under Ohio law, the third-party complaint was based on alleged negligence of the third-party defendants, for which Norris Manufacturing cannot recover. (*Id.* at 701.) The Court declined to exercise supplemental jurisdiction over claims for indemnification based in contract. (*Id.* at 702.) Also, the Court declined to reach the merits of Norris Manufacturing's third-party claims against Holmbury or PowerPure, or any defense either may have. (*Id.* at 702 n.4.)

### D. Current Status of the Actions

After both cases were reassigned, on January 30, 2021, the Court consolidated them. (*Berg* ECF No. 182; *Crushing* ECF No. 30.) After a status conference, the Court also vacated the calendar order previously set in both actions, pending resolution of the joint motion to transfer the cases back to the District of Maryland. (Minute Order, Jan. 20, 2021.)

Then, Berg and Crushing jointly moved to dismiss PowerPure, and Holmbury from the *Crushing* action under Rule 12(b)(5). (*Berg* ECF No. 183; *Crushing* ECF No. 31.) Pursuant to Rule 4(m), the Court issued a notice that required Norris

4

Manufacturing to show cause why it failed to serve the third-party defendants in *Crushing*. (*Crushing* Order, Feb. 12, 2021.) Norris Manufacturing did not respond.

## ANALYSIS

Before addressing whether to transfer these cases back to the District of Maryland, the Court begins with the motion to dismiss the third-party defendants from the *Crushing* action.

### I. Dismissing the Third-Party Defendants

Rule 12(b)(5) allows a party to assert a defense for insufficient service of process by motion. Here, Crushing and Berg—not the third-party defendants—assert the defense. Under Rule 4(m), if a defendant (or third-party defendant) is not served "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice" or require service by a specific date. Fed. R. Civ. P. 4(m). But if a plaintiff can show "good cause for the failure," the court "must extend the time for service for an appropriate period." *Id.*

In its Order of February 12, 2021, the Court directed Norris Manufacturing to provide good cause as to why it did not serve the third-party defendants within the time the Rules prescribe or risk dismissal. (*Crushing* Order, Feb. 12, 2021.) Norris Manufacturing, after previously indicating its position about the third-party complaint in the *Crushing* action and considering the result in *Berg*, did not respond. Accordingly, after providing notice and time to respond, the Court dismisses without prejudice Norris Manufacturing's third-party complaint (*Crushing* ECF No. 10) against Powerpure, LLC, Holmbury, Inc. and Holmbury Group.

5

## II.  Motion to Transfer

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought or to any district or division to which all parties have consented."

### II.A.  The Parties Dispute the Proper Venue.

The parties do not agree on the proper District where this litigation should proceed.  Berg and Crushing are both Maryland corporations with their principal places of business there. (*Berg* ECF No. 1-2, ¶ 6, PageID #6; *Crushing* ECF No. 1-3, ¶ 1, PageID #7).  They seek to return these cases to the District of Maryland, where each began following removal. (*Berg* ECF No. 179.)  They argue venue is proper in federal court in Maryland because, with the third-parties from Ohio now dismissed, the remaining parties—Berg and Crushing on the one hand, and Norris Manufacturing on the other—should litigate their claims where Berg and Crushing brought them originally, as was their prerogative as plaintiffs. (*Berg* ECF No. 179, PageID #1038–39.)

Berg and Crushing argue further that the "relevant witnesses are equally divided between Maryland and Ohio," dismissal of the third-parties means Berg and Crushing's convenience, when weighed against that of Norris Manufacturing, is equal. (*Id.*, PageID #1039.)  As for Plaintiffs' choice of venue and the extent that bears on the decision, Berg and Crushing say it "weigh[s] strongly in favor of Maryland." (*Id.*)  All this, and the changed circumstances involving the third parties, they say, warrant a returning to Maryland by way of a transfer under Section 1404.

6

Norris Manufacturing disagrees. As a limited liability company, it is a resident of every state in which each of its members resides. Is only member is Christine Norris, who resides in Ohio, so Norris Manufacturing is also an Ohio resident. (*Berg* ECF No. 128-1, PageID #561.) It prefers these actions stay in Ohio for several reasons, but principally because it is likely that most witnesses are in Ohio, and for their convenience the cases should stay here. (*Berg* ECF No. 180, PageID #1050–51.) Norris Manufacturing also argues all its employees are in Ohio, the relevant communications and contract negotiations took place in Ohio, the subject matter at issue was "delivered" to Norris Manufacturing's location in Ohio, and the work on the excavator occurred here. (*Id.*, PageID #1052–53.) While the excavator was ultimately hauled to Maryland, Norris Manufacturing maintains Ohio is the appropriate venue for Berg's and Crushing's complaints. (*Id.*, PageID #1053.) Norris Manufacturing also points to the impending third-party claims it will bring if it is liable in either action, arguing those parties it will sue are also in Ohio. (*Id.*, PageID #1051.)

In reply, Berg and Crushing argue Norris Manufacturing's future litigation plans are speculative and have no bearing on where proper venue lies in these actions. (*Berg* ECF No. 181, PageID #1057.) They say it will "make no difference whether the underlying judgment against Norris" is issued from Maryland or Ohio. (*Id.*) Further, they reiterate that dismissal of the third-party defendants "dramatically shifted the landscape of these cases" in favor of returning them to Maryland. (*Id.*)

**II.B. Venue Considerations Favor Ohio.**

District courts balance multiple often-competing factors when weighing a motion to transfer venue: the convenience for witnesses, the location of operative

7

facts, the ability to compel unwilling witnesses, the interests of justice, the ease of accessing sources of proof, convenience of the parties, and plaintiff's choice forum. *See Means v. United States Conf. of Catholic Bishops*, 636 F.3d 643, 651 (6th Cir. 2016) (declining to reverse the district court's venue decision based on those factors). The Court analyzes the most appropriate venue under these factors.

*Witnesses.* Based on the allegations in the complaints, the fact witnesses on both sides appear to include, principally if not exclusively, people who live or work in Ohio. While there may be corporate witnesses from Berg and Crushing who are in Maryland, it appears the vast majority of fact witnesses will be in Ohio, where the work on the excavator occurred and where Norris Manufacturing ultimately took possession of it before delivering it to Maryland. This means most of the witnesses involved are also within th Court's subpoena power, should their presence need to be compelled. The Maryland court agreed: "The work related to the counterweight and couplings was all performed in Ohio by Ohio-based employees" and this means "more Ohio-based witnesses are likely to be relevant to resolving this dispute than Maryland-based witnesses[.]" (*Berg* ECF No. 101, PageID #447.) Testimony about the damage sustained to the excavator, however, will likely come from Maryland. But this factor weighs in favor of venue in Ohio and cuts against transfer.

*Operative Facts and Sources of Proof.* Like the witnesses, it appears many of the facts related to this case and much of the proof (except the excavator itself) are likely in Ohio as well. This factor also favors resolving the matter here.

8

*Convenience of Parties.* Both parties admit that there will be some inconvenience to either Berg and Crushing or Norris Manufacturing depending on where this case ultimately ends up. The Court agrees with that assessment, making this factor is largely neutral.

*Plaintiffs' Forum Choice.* Certainly, Berg and Crushing were entitled to bring their actions where they wanted, and they chose Maryland. That choice should be afforded some weight. Typically, courts "give[] great deference to a plaintiff's choice of forum" and not disturb it "unless the movant makes a strong showing that equity favors the requested transfer." *DISC Env. Servs., Inc. v. Usher Oil Co.*, 343 F. Supp. 3d 705, 109 (N.D. Ohio 2018) (cleaned up). Dismiss of the third-party defendants favors venue in Maryland, as does giving weight to Plaintiffs' choice of forum.

*Interests of Justice.* This final factor cuts against a second transfer. Although the third-party defendants are no longer here, at least for now, other factors still play a role in the analysis. As the federal court in Maryland noted, and the parties previously agreed, the law of negligence in Maryland and in Ohio are "essentially identical." (*Berg* ECF No. 101, PageID #447–48.) Therefore, the applicable law does not weigh heavily on the transfer analysis. The basis for dismissing the third-party defendants—that impleading them was premature—slightly favors leaving the case here, since they may become parties again or evidence from them may be necessary. (*Berg* ECF No. 146, PageID #702 n.4.) Also cutting against transfer is the fact that these cases are not new; in fact, they have been pending for quite some time. Returning them to Maryland now would cause further delay, which ultimately

9

prejudices everyone involved, Berg, Crushing, and Norris Manufacturing alike. The interests of justice favor denying transfer a second time.

\* \* \*

In sum, witness and fact-based considerations cut in favor of venue in Ohio, while Berg and Crushing's forum choice favors Maryland. The parties are likely to be equally inconvenienced no matter where the litigation ends up, but the interest of justice somewhat favor venue in Ohio. Considering all this, the Court denies Berg and Crushing's joint motion to transfer venue back to the District of Maryland.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** Norris Manufacturing's third-party complaint in the *Crushing* action pursuant to Rule 4(m) (*Crushing* ECF No. 10) and **DENIES** Plaintiffs Berg's and Crushing's motions to transfer (*Berg* ECF No. 179; *Crushing* ECF No. 27). The Court sets a telephone status conference in this consolidated matter for Monday, March 25, 2021 at 3:00 pm to set a schedule. All future filings should be in the *Berg* action only, No. 5:20-cv-100.

**SO ORDERED.**

Dated: March 10, 2021

J. Philip Calabrese
United States District Judge
Northern District of Ohio